IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT LEE WRIGHT,<br>   Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-16-3124 |
| STATE OF MARYLAND, | * | |
|    Respondent. | * | |
| | ***** | |

## MEMORANDUM OPINION

On September 8, 2016, the Court received correspondence from Robert Lee Wright, a detainee held at the Washington County Detention Center. ECF 1. The correspondence was construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 and Petitioner was directed to supplement same. ECF 2. The Court is in receipt of Petitioner's Supplemental Petition and Motion for Leave to Proceed in Forma Pauperis. ECF 3 & 4. The Motion to Proceed in Forma Pauperis shall be denied as moot as Petitioner subsequently paid the full civil filing fee. *See* ECF 5. For reasons set forth herein, the Petition for Writ of Habeas Corpus shall be DENIED.

Petitioner indicates that on October 27, 2016, United States Marshal Mike Ulrich executed a warrant for violation of Petitioner's supervised release. ECF 3, p. 8. He states that Ulrich contacted the Washington County Narcotics Task Force to assist with Petitioner's arrest. In combination, federal and state law enforcement set up surveillance at a Motel 6 located in Hagerstown, Maryland. Subsequently, Petitioner was arrested and charged with various firearm and narcotic offenses, for which he is awaiting trial. *Id.*, p. 9. ECF 8. Petitioner seeks the dismissal of all criminal charges filed against him by the State of Maryland. ECF 3, p. 8. He

claims that his arrest lacked probable cause and that he was subjected to an illegal search and seizure. *Id.*

The Maryland Judiciary Case Search website confirms that on October 27, 2015, Petitioner was charged in the Circuit Court for Washington County with possession with intent to distribute cocaine, being a felon in possession of a firearm, and related offenses. *See State v. Wright*, Criminal No. 21K15051966 (Circuit Court for Washington County); see www.casesearch.courts.state.md.us/inquiry. Petitioner has not been tried on the charges. A hearing is scheduled for December 15, 2016. *Id.*

Petitioner's request for federal court intervention in his pending state criminal trial, construed as a 28 U.S.C. § 2241 petition for habeas corpus relief, shall be dismissed. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim

justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to Petitioner's constitutional rights. Accordingly, his habeas petition shall be dismissed without prejudice.[1]

November 30, 2016

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

FILED _____ ENTERED _____
_____ LOGGED _____ RECEIVED

DEC 1- 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

---

[1] When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made the required showing and a certificate of appealability shall not issue.